Good morning, Your Honors. May it please the Court, Sung Park for the Petitioner, Maria Cortez-Rivera. May I begin, Your Honor? Your Honor, first of all, we believe that the inmate was denied due process by the Board of Immigration Appeals when they rejected the brief regarding the timeliness based on clerical error. First of all, everything was filed timely. The motion for extension was denied because the proof of service reflected the address to San Francisco instead of Los Angeles office. We submit that the proof of service, the district counsel's office was served, and that extension request was for 21 days. We filed a motion for late filing, and we did file it within the 21 days. Did the district counsel oppose the late filing of the brief? When you filed your motion to file the brief late, did they oppose it and say we have prejudice in some way? No, Your Honor, we did not receive any opposition. The Board of Immigration Appeals wholly rejected the brief, returned the whole brief back to us, and sent a subsequent decision stating that no other motions will be entertained. Mr. Parker, could you tell me, with the prejudice analysis on the late filing of the brief, I looked at your brief, and if I'm looking at the right brief, it's only 7 1⁄2 pages long. It only cites a couple of cases and a CFR provision, and the BIA said that they were ruling on the merits. So essentially, your brief recounts the testimony of the Petitioner and the I.J.'s oral decision, which was clearly before the Board. So whether or not they read your brief, how were — how was the Petitioner prejudiced if the gist of the case was before the Board in the testimony and the I.J.'s oral decision? Your Honor, the prejudice lies in the fact that the whole — our brief was rejected, and they were not able to consider the arguments that were set before on the brief. Again, we're arguing that — But what argument? I mean, the bulk of your brief is basically factual, and they had that in the transcript of both the testimony and the judge's decision. It was based — And the only argument I see is basically two case citations and a CFR provision. Your Honor, it was based on a due process violation. There was no — the fact that there was no consideration of the qualified spouse, which was the husband, and no analysis regarding the hardship of the children. But that was the thrust of the hearing, was it not? I mean, that's what he testified about, and that was what the I.J. discussed. And if we are to believe what the Board said in their ruling, they looked at the merits, meaning they examined the case and didn't just summarily dismiss the appeal because you hadn't filed the late brief. So I'm having a problem seeing where the prejudice is here, even if we find there was a due process. Yes, Your Honor. The prejudice lies in the fact that the judge basically did — if you read the oral arguments and also from the transcript, there was — the judge seemed to have been biased. Your Honor, in order to have a full and fair hearing, there needs to be a neutral fact finder. In this instance, it seems that the transcript, the oral decision was replete with prejudice, Your Honor. And I believe that the Board of Immigration Appeals either ignored to see that or missed it, because in terms of the comments, the judge basically dealt with the Respondent's hardship. The Respondent's hardship was not the issue in this case. It was the qualified relative, the husband, and the five children. Were those points made in the brief that you were trying to submit? Yes, Your Honor. And they were the ones that were rejected on the brief. There was something in that brief, I think, that wasn't in this brief, and I'm wondering about it.  Your Honor, the notion that the judge was biased. The notion that they failed to take their responsibilities to avoid having more children. Your Honor, the reason why that was brought up in the initial brief was because the judge seemed to have penalized the Respondent for having — for having a child during the proceedings or while she was in proceedings. However, the child was born before the merits hearing, and under INA 240A, all qualified relatives are supposed to be considered. But that doesn't answer Judge Wilken's question about religion. What does it have to do with religion? The background of the — the background of the Respondents were Catholic. Is that on the record? I don't remember, Your Honor. I don't. But the background of the — the background of the other Respondents were Catholic, and it seems that the judge was penalizing them for having more children. And we believe that was — should have been a nonissue, something that should not have been considered. Could you go back a step earlier and tell us what our jurisdiction is, whether we have to defer because it's a cancellation, a removal, a discretionary decision? Yes, Your Honor. I believe that if it was — if the facts were analyzed and the hardship considered, the judge — and the judge would have the discretion in terms of deciding on hardship, and this Court may not have jurisdiction. However, if the judge did not even touch on the analysis or on the hardship, there is no discretion — there is no discretion to be discussed, Your Honor. We believe that the judge did not analyze issues regarding the husband and or the children. On the oral argument, basically two-thirds of it was discussed regarding the Respondent going back to Mexico. She's — she'll still be able to live there. The family will have economic hardship, but it doesn't directly address the hardship, the family ties, the emotional ties, time spent with the children, how it would affect the children. Mr. Park, what do I do with the language on pages 4 and 7 of Immigration Judge Bronzina's ruling where she expressly considers the hardship to the children that will be caused by the separation of the mother from the family? Your Honor, that was a conclusory statement. She did not even address — But your argument is that the Immigration Judge never considered it, and in light of the fact that she expressly references on both those pages, how can you advance that argument in the face of this record? Your Honor, that argument could basically be decided on any case that comes before the Board of Immigration Appeals. There will always be a hardship of the — of separation of the family. However, in this case — But he does, as Judge Tolan says, talk about the hardship from separation of the children from the mother and the economic hardship. Now, you may not like — you may think he doesn't do it sufficiently, but it's not that he didn't consider the issue or mention the issue. He mentions both economic hardship and separation of children from the mother. Yes, Your Honor, but she does not disclose whether it rises to the level. She just concludes that it rises to the level of exceptional hardship. But there, again, there lies no analysis in seeing whether she really considered them. Okay. You have about two minutes. Do you want to save it for later? Yes, Your Honor. I did have one factual question with respect to some of her reasons for not finding a hardship was the notion that the mother would be able to enter the U.S. on an expedited basis on her I-130 petition. And I was wondering whether that petition of hers has gone through even yet. No. From our understanding, it has not been approved yet. The husband has not naturalized. And the whole gist was that she could find an alternate form of relief. Your Honor, she even said that if she goes back to Mexico, she should be able to come back immediately, especially regarding the separation of the children. I don't believe that the judge is in that position to state that. She doesn't have any control over the matter. It's basically under the U.S. Consulate's office at that time, Your Honor. But doesn't it require the husband to naturalize first? Yes. And he was not naturalized at the time, Your Honor. But is he naturalized now? No, Your Honor, he is not. Why not? We do not know. It was probably because of language barrier. But I'm speculating at the time. All right. We'll give you two minutes for rebuttal. Thank you, Your Honor. Good morning, Your Honors. May it please the Court. Nora Ascoli-Schwartz for the government. There is no due process violation here. We review the decision of the immigration judge there. He tried to serve a brief. His service on the district council in San Francisco is not service on the district council in Los Angeles. The court was at. Probably they could have forwarded it down there fairly quickly. They could have. And the board could have accepted it. The fact that they didn't, I agree, it could have been done. But, you know, it was not filed as according to the rules. The mistake was entirely petitioner's counsel. And there was no they were not required to accept it because there was an error. But, nevertheless, he submitted his brief and he submitted no, nothing that was overlooked that he presented in the brief to the board. So there's no due process error. The immigration judge didn't make any kind of bias. She perhaps used words that I prefer she wouldn't have that made it sound like bias. But perhaps used words that said that she should not, that both parents she criticized for having a child during this period. Not for having the child, but for not considering the immigration consequences which are legal and well-established black-letter law after acquired equities are not given the same weight.  Kagan Well, are any of your after acquired equities cases, cases where one is considering the equity to a child as opposed to the equity to a spouse who has a conscious decision whether to marry someone who's illegal as opposed to a child who doesn't really have that choice? Well, you're absolutely right. And it is harsh, but that child is a 6-month-old. And as the judge found, the emotional separation which was addressed twice and not just in the conclusory paragraph. No, it's, you're right. It was considered, the after acquired equities were considered since Lee in 1975 that they are not used to help the alien herself. You're right. That's a good point. But the fact is she's been in removal proceedings and still went ahead knowing that she was facing likely removal. And Went ahead and what? I'm sorry? Went ahead and what? Well, they bought a house. Basically. What about going ahead and having a child? And had a child. But that's not a moral judgment. It's a legal one. That was an abdication of her responsibilities or a violation of her responsibilities. I don't think she used the term violation. Well, granted, she forgot to take the responsibilities necessary to make sure that before she put herself in that predicament of having a child. But that's, there's nothing wrong legally with that reasoning. It's morally offensive, but it's not legally wrong. Well, maybe it is, maybe it's not. It certainly is morally offensive. And I agree. I wish she hadn't put it that way. But legally, the issue is you're facing removal proceedings and having another child is. And what are you supposed to do if you believe that it's improper to use birth control? Are they supposed to abstain from intercourse? She's not saying don't have the child, but don't expect me to give that the same weight as I give the equities you had coming in. And that's the law. Well, no, no, that's not, there's no question about that. But that's not what this judge is saying. They are not entitled under the law to these equities. Saying that she forgot, both of them forgot their responsibilities by having a child. Well, what the immigration judge said was essentially this situation, the enhanced difficulties are a matter of your own creation, which is true. They've been living as husband and wife since 1991 and didn't marry until after she was in removal proceedings 10 years later. That's a choice they made that made it more difficult for them because legal, again, this is not a moral issue. It's a legal one. He cannot petition for her unless she is a wife. Had they married in 1991, she would have lawful permanent resident status by now. He wouldn't have to naturalize because there is a 10-year wait for spouses of lawful permanent residents, but she would have met that deadline and she would be a lawful permanent resident now. So the situation really is they were not thinking of removal, but that's what the And when the judge is thinking of or trying to consider hardship, it's hardship on the U.S. citizen child. So the question is how does the child feel, right, not how does the alien feel. Am I right about that? Well, yes, but the child was 5 months old at the time of the hearing. So it was an emotional separation that any child, infant, would have being separated from his mother. And that's not exceptional and extremely unusual. Again, the immigration judge used terms that she should not have, but there was no due process violation and it was all legally based in black letter law. The immigration judge's reliance on the notion that the wife could get an I-130 petition, that that would be expedited, that she'd only be in Mexico for a short time and then she'd be back, what do you make of that? Clearly it was wildly erroneous. Why did she think so? No, the possibility existed. He had said, because the husband testified that he, excuse me, the husband had testified that he was seeking naturalization at the time. Had he been naturalized, this hearing was in 2003, had he applied, he would have been naturalized by now if he could qualify and then it would be immediate and she could come right back. But the fact is, then again, there's another legal holdup. It's not a moral one, but had he applied to naturalize in 1991 or if he'd married her in 1991, these are legal actions that have legal consequences, not moral judgments. He can't petition for his live-in wife, but a lawful permanent resident who filed a petition for his spouse in 1991, that number would have come up by now. Because he didn't, he has to naturalize or wait another 10 years. So he applied to naturalize, but that hasn't gone through either. But these are actions that could have been taken to prevent this situation. And no one's saying don't have this many children. Have as many children as you want and marry when you want. It's not a moral judgment, but there are legal consequences. And there was no error in applying the legal consequences to this case. Any other questions, Your Honor? Yes. Counsel, I think, overstated, opposing counsel, the what his legitimate complaint might be about the judge's failure to consider all of the factors that are required when he said he didn't consider the hardship to the children or the father. And Judge Talman said, what do I do with the language on page 7? And counsel had a little difficulty in responding to that. But what do you make of the language on page 7? Just a minute. Just a minute. Between the separation of the children from the mother and the economic hardship, I do not find that those rise to the level of exceptional and extremely unusual hardship. Where in there do you find consideration of the hardship to the husband? The economic hardship is definitely the husband's. And she addresses the hardship to the husband elsewhere. The father has to pay for two households on page 4. What about emotional hardship to the husband? He didn't talk about it that much. That much? How much do you have to talk about it? Well, how much does she have to talk about it? If he doesn't mention it, he doesn't. He never said. He didn't mention it. Now you've gone from he didn't talk about it that much to he didn't mention it. Well, the way he meant to do that, he mentioned. Facts seem to shift somewhat during arguments. Not at all, Your Honor, because what he said is it's going to be difficult. We have to pay a babysitter full time. They have babysitters now, but they're not good enough. He never said I will miss my wife if she goes to Mexico. Okay. I think you and Judge Reinhardt are looking at different language. You're looking at the language on page 4, are you not? Yes. In which it talks about there appears to be emotional issues tied into it as well as financial issues. And you're right. Thank you, Your Honor. And it doesn't specify that it's to the children or the husband. It's to everyone. Everyone in the family will have emotional issues. Well, now, wait a second, counsel. The first sentence in that paragraph says the family obviously will separate if she is deported. So the court will consider the hardship to the children and the husband in light of the separation of the mother from the family household. And then he goes on, there appears to be emotional issues tied into it as well as financial. So is the immigration judge talking about the impact of separation on the children and the husband? Absolutely. Or am I misreading the record? I'm sorry. You're absolutely right. Thank you. And that answers Judge Reinhardt's question much better than I was. I was trying to. But also, so I'll stop there. What Judge Talman has pointed out to you is that on page 4 when he's listing issues, he does list the issue of all of the separation from all of them. Yes. And what I pointed out to you is that in his conclusion, what he says he's considered is between the separation of the children from the mother and the economic hardship, he doesn't find that it rises to the level of exceptional and extremely unusual hardship. And there he fails to consider, when reaching a conclusion, the hardship to the father. I think that's hardship to the family. The economic hardship is to the father, not to the children. And she's not specifying, and I think that that's way too fine a point to say that she's so the judge is at that point only talking about the children. She's talking about the separation, the hardship of separation on the family. All right. Well, we've now used your time. I'm sorry. If I could ask one more question. Sorry. There's a requirement to consider cumulative hardship. Am I right? Yes. And I'm just wondering about that. Considering the cumulative hardship to the husband as well as all five of the children, even the one who perhaps should not have been born, one would not discount the hardship on that person. One would have to accumulate the hardship on that child. Yes. Would one not? Yes. But the judge never said, I'm considering the hardship to the children before immigration proceedings and the hardship after. She talked about the children as a group, but mentioned when she talked about the last child, said, you know, this is not – this is, again, the legal consequences of choices you made, not a moral judgment. And when she talks about the children, she talks about all the children. You don't think the moral judgment had anything to do with the legal conclusion. Was that a question? She said you don't think the improper moral judgment had anything to do with the legal conclusion. Absolutely not. She was just expressing his blowing off steam. Possibly. That they didn't like the idea that they had a child. But you didn't like the idea, but just said you did not consider the consequences in the legal consequences of the life choices you made, not that they were the wrong choices, but there are negative legal consequences to them, such as waiting 10 years to marry. Did you have another question, Your Honor? Thank you, Your Honors. Thank you, counsel. Mr. Park, how do we have jurisdiction? Come on up. I'm just trying to be efficient with our time. How do we even have jurisdiction to look at this? If we look at this transcript and we see, okay, there's a discussion of extreme hardship here, isn't the case law clear that we don't get to second-guess the I.J. on the hardship determination? That is true, Your Honor. But, again, if the hardship is not specifically considered in the oral decision regarding the analysis, I believe that, again, a full fair and hearing was not had and there was no neutral magistrate. It seems... Okay, but to get there, to make sure I understand what you're saying, to get there, we have to conclude on this record that the immigration judge never considered the hardship on the children and the husband to find a due process violation. Yes, Your Honor. And I believe... If I don't buy your premise, if I read the record differently than you're urging me to read it, then the proper conclusion is there is no jurisdiction by this court to revisit the hardship determination. Or are there other constitutional violations you're claiming that would give the court jurisdiction? Yes, Your Honor. Basically, again, it's a due process. She did not have a full and fair hearing. Equal protection. And, Your Honor, the... You're invoking the phrase, but what — it sounds to me like you're trying to cloak an attack on an issue that we don't have jurisdiction to decide by calling it a due process violation. What — if we conclude that the immigration judge did consider the issue, where is the due process violation to permit us to nonetheless reexamine it? Your Honor, regarding the due process, again, we're looking at a neutral magistrate. That would probably go under the equal protection violation. If there is a bias by the judge, she was discriminated against regarding not having — again, having additional children during the proceedings, Your Honor. And regarding — regarding, again, discretion, it's addressing whether there was an analysis and no analysis was really done. If — in the transcript, the judge already made a — basically already made a decision that the children were happy in the United States. I believe on the record's page — in the record, she actually prevents her counsel from continuing to speak for the children. She states that the children are happy in the United States. They're carrying the flag. Kennedy. Well, it's hard to understand your argument that they didn't consider the emotional hardship to the children. I understand your argument that the I.J. made an error of law, which we can review, if they fail to consider the emotional hardship to the father. I mean, I can understand the argument there, that it's not reevaluating the weighing factors, but it's the failure to weigh a required factor, the hardship to the father, and that that's an error of law. I understand that. I don't understand your argument that she failed to consider the hardship to the children. And why you keep insisting that when you have an argument that's either good or bad, that it's an error of law and not a question of discretion. It's not a matter of how he weighed it, that he should have weighed it differently, but that he failed to weigh a required factor, and that that's an error of law which we can review. Your Honor, I believe that the oil counsel was wrong when she said that there was very much just emotional hardship. This is an issue of the law, and we have to keep retreating to another issue. So we have to keep them separate. You have to keep them separate. All right. I think we've taken more than your time. I'll take one more. Still, counsel said that at the time of the hearing, the concept was that the husband was going to naturalize and then get an I-130 for the wife, and that's why the judge thought it was going to happen so quickly? No. The I-130 petition was already filed, and we're waiting for an approval. That's the first step. But that was based on an unnatural law. Unnaturalized. That was based on an LPR's I-130. Right. And that wasn't going to go through until we do it. It's taken a long time for the petition to go through. Now, say if everything did go well, I-130 petition was approved, the husband became naturalized, she goes to Mexico, there is no guarantee that she's going to come back because there's that unlawful presence. There's an unlawful presence law which states that if she's been in the United States for more than 10 years, there's a 10-year bar. They have to submit another waiver for that. Again, those are discretionary waivers, Your Honor. They're not a black-letter law saying if you show this, you will come back. Again, that's discretionary. And there was a ripe cancellation removal case before her. She should not have considered the I-130 petition. It just seems that she was angry that it should have been an adjustment of status case instead of a cancellation or removal case. And that's all I have. Thank you, Your Honor. Thank you.
judges: Reinhardt, Tallman, Wilken